UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TAMIM KHAN,

Plaintiff,

v.                                                                Case No.: 1:24-cv-22538-KMW

IGNACIO PALOMERA,
THE BONDEX PLATFORM INC.,
BONDEX INC.,
BONDEX NETWORK INC.,
BONDEX PTE. LTD.,
BONDEX ECOSYSTEM LTD.,

Defendants.

### PLAINTIFF'S AMENDED MOTION FOR RECONSIDERATION
### OF ORDER GRANTING DEFENDANT BONDEX ECOSYSTEM LTD'S
### MOTION FOR EXTENSION OF TIME

Plaintiff, Tamim Khan ("Plaintiff"), by and through undersigned counsel, respectfully moves this Court for reconsideration of its order granting Defendant Bondex Ecosystem Ltd.'s ("**Ecosystem**") Motion for Extension of Time. In support of this motion, Plaintiff asserts that the Court may not have had the opportunity to fully review Plaintiff's Opposition to the extension, which contains crucial facts and the De La O Declaration, both of which will be attached hereto. *See* Docket Entries 63 and 65 attached hereto as ***Exhibit "1"***. Additionally, Ecosystem misrepresented facts concerning service of process, and failed to comply with Judge Williams' strict procedural rules for extensions of time. These errors, if not corrected, would result in manifest injustice to the Plaintiff, who has diligently pursued this case according to proper procedure.

## INTRODUCTION

On October 3, 2024, Defendant Ecosystem filed a Motion for Extension of Time to respond to Plaintiff's Complaint, which the Court granted. Plaintiff now moves for reconsideration of this order for several compelling reasons. First, the Court may have overlooked Plaintiff's Opposition, which was timely prepared and contains vital declarations and evidence demonstrating that Ecosystem's Motion was based on misrepresentations. Plaintiff's Opposition highlights that Defendant Ecosystem and its counsel had actual notice of the service of process and were **well aware** of the contents of the Summons and Complaint. The De La O Declaration, attached to the Opposition, provides further factual support, confirming that Ecosystem was served properly and **chose not to respond** within the time required.

The Court should reconsider its decision because the facts and arguments presented in the Opposition would have a direct impact on the Court's determination. Plaintiff respectfully submits that without reconsideration, the order granting Ecosystem an extension of time would reward behavior that is inconsistent with the Federal Rules of Civil Procedure. By granting this extension, the Court risks allowing Defendant to unduly delay these proceedings, to the prejudice of Plaintiff. Therefore, reconsideration is necessary to prevent an unjust outcome and ensure that the litigation proceeds efficiently and fairly.

## LEGAL STANDARD

A motion for reconsideration is appropriate where there is newly discovered evidence, a change in controlling law, or the need to correct clear error or prevent manifest injustice. This principle has been long upheld by federal courts, as exemplified in Williams v. Cruise Ships Catering & Service Int'l, 320 F. Supp. 2d 1347, 1357 (S.D. Fla. 2004). In the instant case,

reconsideration is warranted to correct clear errors in the facts presented by Defendant, and to address the procedural issues related to the timing of Defendant's motion.

The need for reconsideration arises in this instance because Defendant Ecosystem made material misrepresentations regarding their knowledge and receipt of the Summons and Complaint. Additionally, the Court may not have had the benefit of Plaintiff's Opposition at the time of its ruling, which contained the necessary factual background to demonstrate that Ecosystem had actual notice of the litigation as early as August 7, 2024. Without reconsideration, the Court's ruling could stand on an incomplete record, leading to manifest injustice against Plaintiff, who has followed the proper procedures and diligently prosecuted this case.

The legal standard for reconsideration, especially when manifest injustice is at risk, allows the Court to revisit its previous ruling to ensure that the outcome aligns with both the facts and the applicable law. Here, the extension granted to Defendant Ecosystem was based on a faulty understanding of the facts. By reviewing Plaintiff's Opposition and the supporting De La O Declaration, the Court will be in a better position to assess the propriety of the extension request. Reconsideration is necessary in light of these developments and to correct the record.

## ARGUMENTS

**1. Defendant Ecosystem Misrepresented the Content and Timing of Service of Process**

Defendant Ecosystem inaccurately claimed that it was unaware of the documents served and asserted uncertainty regarding the service of the Summons and Complaint. However, this claim is contradicted by the Clerk's Notice of International Services filed on August 7, 2024 [D.E. 28], which certified that the Summons and Complaint were mailed via international service to Ecosystem's registered address. Furthermore, Ecosystem's legal counsel, who represents other

defendants in the case, had actual notice of the litigation from the time service was initiated, making Ecosystem's claim of ignorance implausible.

Ecosystem was served with the Summons and Complaint on August 12, 2024, as confirmed by the return of service filed by Plaintiff on October 1, 2024 [D.E. 54]. Despite this, Ecosystem chose not to respond within the twenty-one-day window provided by Rule 12 of the Federal Rules of Civil Procedure, which required a response by September 3, 2024. Ecosystem's argument that they were unsure of the documents received is further undermined by the fact that their shared counsel had actual knowledge of the service and its contents since August 7, 2024. This misrepresentation is material and was used to justify the improper extension.

In light of these facts, it is clear that Defendant Ecosystem had ample notice of the lawsuit and the service of process but failed to act in accordance with the procedural rules. The De La O Declaration, which is attached to Plaintiff's Opposition, confirms the details of service and proves that Ecosystem's claim of ignorance is without merit. Therefore, Plaintiff urges the Court to reconsider its decision based on these misrepresentations, as failure to do so would unfairly benefit the Defendant, who has not acted in good faith.

**2. Defendant's Failure to Comply with Judge Williams' Rules for Extension of Time**

Judge Williams' procedures governing extensions of time mandate strict compliance with deadlines. Specifically, requests for extensions of time must be filed no later than 48 hours prior to the deadline, absent an emergency, as outlined in the Judge's rules. Sanctions may be imposed for non-emergent requests made less than 48 hours before the deadline. In this case, Ecosystem was required to respond to the Complaint by September 3, 2024, meaning that any request for an extension had to be filed by September 1, 2024.

Ecosystem did not file its Motion for Extension of Time until October 1, 2024, well after the deadline had passed. There was no emergency cited, nor was there any justification provided for the excessive delay in filing the motion. This failure to comply with the Court's rules is a clear violation and should not be excused. Allowing such non-compliance would set a dangerous precedent that parties can disregard procedural rules without consequence.

Moreover, the late filing of Ecosystem's extension request appears to be a strategic maneuver rather than a response to any legitimate hardship or emergency. This further supports the need for reconsideration, as granting the extension undermines the Court's rules and rewards Defendant's neglect. Plaintiff respectfully submits that the extension granted to Ecosystem should be revoked based on this procedural failure.

**3. Service of Process Was Properly Effectuated, and Defendant Chose Not to Respond**

Ecosystem's decision not to respond to the Complaint, despite having been served and having actual notice of the litigation, was a deliberate choice. As noted in the Court's Order Quashing Service on Defendant Ignacio Palomera [D.E. 48], "We are free to choose our actions, but we are not free to choose the consequences of these actions." In this instance, Ecosystem and its counsel made the conscious decision not to respond within the required timeframe, and they should not be rewarded for this failure.

Under Rule 4(l)(3) of the Federal Rules of Civil Procedure, the failure to file proof of service does not affect the validity of the service itself. The Court retains discretion to permit proof of service to be amended if necessary. In this case, the service on Ecosystem was valid and properly effectuated, as confirmed by the return of service and the De La O Declaration. Any argument to the contrary is without basis, as the service complied with the Hague Convention and was executed in accordance with applicable rules.

Ecosystem's claim that they were unaware of the service or uncertain of the documents received is contradicted by the evidence. They were served on August 12, 2024, and had until September 3, 2024, to respond. By failing to do so, Ecosystem is now in default, and their request for an extension should not have been granted. Plaintiff urges the Court to reconsider its ruling in light of these facts and revoke the extension.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the Court reconsider its order granting Defendant Ecosystem's Motion for Extension of Time. Defendant's misrepresentation of the facts surrounding the service of process, their failure to comply with procedural rules, and the Court's potential oversight of Plaintiff's Opposition all necessitate reconsideration. Allowing the extension will result in manifest injustice to the Plaintiff, who has diligently complied with the rules and should not be penalized for Defendant's intentional failure to act. Plaintiff further requests that the Court deny Defendant's Motion for Extension of Time and enforce the default that results from Ecosystem's failure to timely respond to the Complaint.

## LOCAL RULE 7.1(A)(3) CERTIFICATION
## CERTIFICATE OF GOOD FAITH CONFERENCE; UNABLE TO CONFER

Pursuant to Local Rule 7.1(a)(3)(B), the undersigned counsel hereby certifies that reasonable efforts were made to confer with opposing counsel regarding the relief sought in this motion. On October 4, 2024, the undersigned made multiple attempts to communicate with opposing counsel. Specifically, three attempts were made via email and phone calls. During one of the phone call attempts, opposing counsel's office returned the call but remained on the line for only thirty seconds before the call was disconnected. Following this, the undersigned made two additional attempts to reach opposing counsel via phone, but no further response was received.

Despite these reasonable efforts, the undersigned was unable to successfully confer with opposing counsel. At the time of this filing, opposing counsel has submitted a Filing (No: [208315293](#)) today at 5:48pm in another matter (11th Judicial Court for Miami Dade County; Case No: 2021-009987-CA-01) in which she is counsel for and has yet to confer with undersigned's office in regards to the filing of this Motion, evidencing that she had access to her email but decided not to respond the undersigned's communication regarding the meet and confer on this case.

Dated: October 4, 2024

        Respectfully submitted,

        EPGD ATTORNEYS AT LAW, P.A.
        777 SW 37th Ave., Ste. 510
        Miami, Florida 33135
        T: (786) 837-6787
        F: (305) 718-0687
        [andrea@epgdlaw.com](mailto:andrea@epgdlaw.com)

        BY : /s/ *Andrea Natele*
        Andrea Natale, Esq.
        Florida Bar No.: 1023400

**CERTIFICATES OF SERVICE FOR DOCUMENTS FILED USING CM/EC**
**Certificate of Service When All Case Participants Are CM/ECF Participant**

I HEREBY CERTIFY that on October 4, 2024, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. Copies of the foregoing document will be served on all parties via transmission of Notice of Electronic Filing generated by CM/ECF.

        BY : /s/ *Andrea Natele*
        Andrea Natale, Esq.
        Florida Bar No.: 1023400